

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. IRINEO BARBOSA,<br><br>Petitioner,<br><br>v.<br><br>MARCUS HARDY, Warden Stateville Correctional Center,<br><br>Respondent. | ) | Case No. 11 C 1622<br><br>Judge John W. Darrah |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Irineo Barbosa's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Barbosa does not present clear and convincing evidence challenging the statement of facts in the last state-court decisions to address his arguments on the merits: the Illinois Appellate Court's opinions on direct appeal and post-conviction appeal. Thus the Court presumes those facts are correct for purposes of its *habeas* review. *See* 28 U.S.C. § 2254(e)(1); *Rever v. Acevedo*, 590 F.3d 533, 537 (7th Cir. 2010).

The underlying facts as set forth by the Illinois Appellate Court in *People v. Barbosa*, No. 1-05-2297 (Ill. App. Ct. Aug. 3, 2007) (unpublished) and *People v.*

*Barbosa*, No. 1-08-2505 (Ill. App. Ct. Dec. 28, 2009) (unpublished) are adopted as follows.

On November 9, 2003, Chicago police officers responded to reported shootings on the city's Southeast Side. Upon arrival, the officers heard gunshots and asked a man standing nearby if he knew who had fired the shots. The man immediately turned and fired four or five shots at the officers, fled down an alley, and got into a car in the alley. As the driver attempted to turn around the vehicle, it became stuck, whereupon two men jumped out and immediately opened fire on the officers again. The officers took cover and returned fire. The men later dislodged the car and drove away but crashed a few blocks away with police in pursuit.

When an officer arrived at the vehicle, he found Barbosa in the driver's seat. He also found a .40 caliber handgun on the back seat of the car and a .9 millimeter semiautomatic pistol on the floor in front of the driver's seat. Barbosa had two minor bullet wounds. A gunshot residue test taken at the hospital later suggested that Barbosa had recently fired a gun. Meanwhile, Barbosa's fingerprints were found on both the pistol and its magazine. A firearm's expert found that the pistol had fired eighteen shots, and the handgun had fired fourteen shots. One of the officers identified Barbosa as the man who had shot at them, and another officer identified Barbosa as the driver of the vehicle that left the scene of the crime and crashed nearby.

Barbosa was charged with eight counts of attempting to murder four police officers, eight counts of aggravated discharge of a firearm, four counts of aggravated unlawful use of a weapon, and two counts of unlawful use of a weapon by a felon.

Following a bench trial, Barbosa was convicted of all charges. For sentencing purposes, the trial court merged all but four counts of attempted murder of a police officer and sentenced Barbosa to four concurrent fifty-year prison terms.

Barbosa appealed his conviction in a direct appeal to the Illinois Appellate Court and argued for reversal on the following grounds: (1) his defense attorney essentially conceded guilt on all but the attempted murder charges without advising Barbosa of the consequences of such strategy; and (2) the trial judge erred by basing Barbosa's sentence on his personal opinion about the offenses. The Illinois Appellate Court affirmed Barbosa's conviction and sentence. Barbosa then filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, raising a single issue: whether the appellate court erred by requiring Barbosa to show prejudice when his attorney violated Barbosa's right to decide what plea to enter and whether to argue a lesser-included offense. The Illinois Supreme Court denied Barbosa's PLA.

Barbosa then filed a *pro se* post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act. In it, Barbosa raised the following claims: (1) trial counsel was ineffective for, among other reasons, conceding Barbosa's guilt in firing a gun and driving the car used during the crime, for agreeing to stipulate to the admission of certain evidence, and for failing to meet with Barbosa to discuss the case; (2) trial counsel's cumulative failures constituted ineffective assistance of counsel; (3) Barbosa's right to present a defense was violated because the police damaged the back of his car before he could photograph it; (4) the sentence imposed was not authorized by statute and was, therefore, void; (5) the indictment failed to adequately describe the nature and elements

of the charged offense because the statute cited was void; and (6) appellate counsel was ineffective for failing to raise the above issues on direct appeal. The state trial court summarily dismissed Barbosa's post-conviction petition.

Barbosa filed an appeal in the Illinois Appellate Court, claiming that the trial court abused its discretion in summarily dismissing the post-conviction petition because the petition stated a constitutional claim regarding the ineffective assistance of counsel. The Illinois Appellate Court denied in whole Barbosa's post-conviction appeal.

Barbosa then filed a second PLA in the Illinois Supreme Court, raising the same arguments made in Barbosa's post-conviction petition. The Illinois Supreme Court denied Barbosa's post-conviction PLA.

Barbosa's instant petition for *habeas corpus* relief argues seven grounds based on the Sixth and/or Fourteenth Amendments: (1) trial counsel was ineffective for conceding Barbosa's guilt for all the weapon charges against him, thus violating Barbosa's due process right to decide what plea to enter and to argue culpability for a lesser offense; (2) trial counsel was ineffective for admitting Barbosa fired a gun and drove a car, essentially conceding his guilt, and appellate counsel was ineffective for not raising this issue on direct appeal; (3) trial counsel was ineffective for admitting evidence via stipulation, preventing Barbosa's ability to cross-examine four witnesses about firearm and forensic evidence, and appellate counsel was ineffective for not raising this issue on direct appeal; (4) trial counsel was ineffective for failing to move to quash the results of a gunshot residue test that was illegally obtained while Barbosa was in the hospital, and appellate counsel was ineffective for not raising this issue on direct appeal; (5) trial

counsel was ineffective for failing to move to suppress the in-court identification of Barbosa by two Chicago police officers, and appellate counsel was ineffective for not raising this issue on direct appeal; (6) trial counsel was ineffective for failing to meet with Barbosa to discuss his case with him before trial; and (7) Barbosa's due process right to present a defense was violated because the Chicago Police Department damaged the back end of Barbosa's vehicle before he could photograph it.

## LEGAL STANDARD

*Habeas corpus* relief will not be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). State-court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (citing 28 U.S.C. § 2254(e)(1)). A federal *habeas* court "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*,

562 U.S. 362, 409 (2000). It is a difficult standard to meet because unreasonable means "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

"A state petitioner seeking a writ of *habeas* corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), 'thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (citations omitted). In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal *habeas* petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999); *Gray v. Hardy*, 598 F.3d 324, 327 (7th Cir. 2010). "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review, those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). Procedural default precludes federal court review of a petitioner's *habeas* claims. *See Ward v. Jenkins*, 613 F.3d 692, 696 (7th Cir. 2010).

## ANALYSIS

### *Claim 1*

In his first claim, Barbosa argues that he was deprived of effective assistance of counsel because his trial counsel conceded Barbosa's guilt on the weapon charges, thereby violating Barbosa's right to decide what plea to enter and to argue culpability for a lesser offense. In his direct appeal, Barbosa did not *per se* present this claim as one for ineffective assistance of counsel. Rather, Barbosa cloaked his argument as a due process

claim. In any event, Barbosa's claim was rejected on the merits by the Illinois Appellate Court. In relevant part, the appellate court held that trial counsel's concession of Barbosa's guilt on the weapon offenses had the effect of a guilty plea. (Dkt. No. 19, Ex. D at 7-9.) Therefore, the court held that the trial judge should have asked Barbosa whether he agreed with defense counsel's concession of guilty as to the weapon charges, as required by Illinois Supreme Court Rule 402. (*Id.*) But even so, the Illinois Appellate Court held that because Barbosa was not actually sentenced on the weapon charges, the "improper concession of guilt had no effect on the judgment." (*Id.*)

Furthermore, the appellate court discussed whether the concession of guilt on the weapon charges constituted a legitimate trial strategy and held that, "Defense counsel attempted to create a reasonable doubt concerning the issue of whether [petitioner] intended to kill the officers. In view of the overwhelming evidence against [petitioner], the defense against the attempted murder charges seems to result from a reasonable strategic choice." (*Id.*, Ex. I at 12.)

In his post-conviction petition, Barbosa again brought up his trial counsel's concession of his guilt on the weapon charges but, this time, in the guise of an ineffective-assistance-of-counsel claim. In dismissing Barbosa's post-conviction petition, the state trial court held that this claim was barred under the doctrine of *res judicata* because it was raised and rejected in Barbosa's direct appeal. Affirming this decision, the appellate court held that "[p]etitioner is not entitled to reconsideration of these claims simply because he now wants them examined through the lens of ineffective assistance of counsel." (*Id.*)

Specifically, on post-conviction appeal, the Illinois Appellate Court held:

> The appellate court's reasoning on direct appeal, involving Rule 402, included discussion regarding whether the concession of guilt on certain charges constituted a legitimate trial strategy, *i.e.,* effective assistance of counsel. In fact, in its reasoning the appellate court . . . held that '[d]efense counsel attempted to create a reasonable doubt concerning the issue of whether [petitioner] intended to kill the officers. In view of the overwhelming evidence against the [petitioner], the defense against attempted murder charges seems to result from a reasonable strategic choice.'

(*Id.*)

The appellate court then also analyzed Barbosa's claim under *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under *Strickland*, to demonstrate ineffective assistance of counsel, a defendant must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697. The appellate court noted that Barbosa was not prejudiced by trial counsel's decision to concede guilt on the weapon charges. (Dkt. No. 19, Ex. I at 15.)

To the extent that Barbosa here asserts an ineffective-assistance-of-counsel claim, the Illinois Appellate Court's analysis of prejudice under the second *Strickland* prong was well within the boundaries of permissible differences of opinions. *See Ebert v. Gaetz*, 610 F.3d 404, 412 (7th Cir. 2010) (state-court application of *Strickland* unreasonable "only when the state court's application of 'clearly established Federal law' is wholly outside the boundaries of permissible differences of opinion.").

If this Court construes Barbosa's Claim 1 as relating to due process, this claim was rejected on the merits by the Illinois Appellate Court, as discussed above. Barbosa has demonstrated no grounds to disturb the appellate court's finding on the merits. *See* 28 U.S.C. § 2254(d)(1), (2). Accordingly, Barbosa's first *habeas* claim is denied.

*Claim 2*

In his second claim, Barbosa argues that trial and appellate counsel were ineffective when he conceded Barbosa's guilt in firing a gun and driving the getaway car. As discussed above, the post-conviction appellate court applied *Strickland* and held that trial counsel's decision was not prejudicial to Barbosa. Furthermore, the appellate court held that trial counsel's strategy was reasonable, holding that: "[A]s a matter of trial strategy, defense counsel may have chosen to stipulate to . . . physical evidence in an effort to minimize the adverse impact it would have at trial." (Dkt. No. 19, Ex. I at 17.)

With respect to his claim regarding appellate counsel, Respondent argues that Barbosa's claim is procedurally defaulted because he failed to raise it before the appellate court. Although in his post-conviction appellate brief, Barbosa argued that his trial counsel was ineffective for conceding his guilt and entering into certain stipulations, he did not argue that appellate counsel should have raised any of the above claims on his direct appeal. *See Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010) (holding that a district court "cannot review a *habeas* petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'").

Accordingly, Barbosa's second *habeas* claim is denied.

*Procedural Default*

Respondent argues that Barbosa's remaining claims are procedurally defaulted and should be denied because Barbosa failed to fully present these claims through one complete round of state-court review.

In his third claim, Barbosa argues that his trial and appellate counsel were ineffective when his trial counsel stipulated to the admission of evidence from four forensic expert witnesses. Respondent counters that this claim should be denied because the state trial court resolved the claim by relying on a state-law ground that was independent of the federal question and adequate to support the judgment. "When a state court resolves a federal claim by relying on a state-law ground that is both independent of the federal question and adequate to support the judgment, federal *habeas* review of the claim is foreclosed." *See Kaczmarek v. Rednour*, 627 F.3d 586, 591, 627 F.3d 586 (7th Cir. 2010). As a result, this claim is procedurally barred, and *habeas* relief is foreclosed.

On post-conviction appeal, the Illinois Appellate Court held that Barbosa waived this ineffective-trial-counsel claim. Specifically, because the forensic-expert witness stipulations were found in the record on direct appeal, the appellate court found that the claim could have been raised on direct appeal but was not.

As held by the Supreme Court:

> When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that *habeas* petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an

independent and adequate state ground for denying federal review.

*Cone v. Bell*, 129 S.Ct. 1769, 1780 (2009) (internal citations omitted).

Regarding Barbosa's ineffective-appellate-counsel claim, Respondent argues that this claim is procedurally defaulted because Barbosa failed to raise it before the appellate court. As with Claim 2, although in his post-conviction appellate brief, Barbosa argued that his trial counsel was ineffective for conceding his guilt and entering into certain stipulations, he did not argue that appellate counsel should have raised any of the above claims on his direct appeal. Accordingly, Barbosa's third claim is procedurally defaulted in its entirety.

In his fourth claim, Barbosa argues that his trial and appellate counsel were ineffective when trial counsel failed to move to quash the results of a gunshot residue test and his appellate counsel failed to raise this issue on appeal. With respect to his ineffective-trial-counsel claim, Respondent responds that Barbosa raised this argument to the trial and supreme courts but failed to raise this argument in his appellate brief in his post-conviction appeal.

Barbosa did not effectively raise this issue in his post-conviction appellate brief. Barbosa argued that his trial counsel "conceded his guilt on a majority of the charges and conceded, by stipulation, evidence that could have been contested, i.e., the gunshot residue and fingerprint evidence, without consulting petitioner and without even seeking his consent." (Dkt. No. 19, Ex. I at 6.) Therefore, although he mentioned "gun shot

residue," it was not in the context of an ineffective-assistance-of-counsel claim.[1] Barbosa's claim with respect to appellate counsel is also procedurally defaulted as he did not raise this issue in his post-conviction appellate brief. Accordingly, Barbosa's fourth claim is procedurally defaulted in its entirety and is, therefore, denied.

In his fifth claim, Barbosa argues that his trial and appellate counsel were ineffective for failing to suppress the in-court identification of Barbosa by two police officers. Barbosa did not raise this argument in his post-conviction appellate brief. By contrast to his fourth claim, his brief contains no references to an in-court identification. However, as with his fourth claim, even if his brief is liberally construed as raising this point, he fails to establish a claim under *Strickland*. Accordingly, Barbosa's fifth claim is procedurally defaulted in its entirety and is, therefore, denied.

In his sixth claim, Barbosa argues his trial counsel was ineffective because he failed to meet with him to discuss his case before trial. The appellate court, however, dismissed Barbosa's claim for his failure to meet the requirements of 725 ILCS 5/122-2, which requires the corroboration of allegations by documentation attached to the post-conviction petition or the explanation of the absence of such documentation. As such, the appellate court resolved the claim on independent and adequate state grounds and federal *habeas* review of this claim is foreclosed. Barbosa's sixth claim is denied.

[1] But even if Barbosa's brief is liberally construed as raising this point, he fails to establish a claim under *Strickland*. As set forth above, the appellate court also analyzed Barbosa's claim under *Strickland* and held that "trial counsel's strategy regarding stipulating to physical evidence was reasonable." (*Id.*, Ex. I at 17.) The Illinois Appellate Court's application of *Strickland* was objectively reasonable. *See Kerr v. Thurmer*, 639 F.3d 315, 319 (7th Cir. 2011) (noting that where state courts correctly identified *Strickland*, the court need only decide "whether the state court's application of clearly established federal law was objectively unreasonable.") (citations omitted).

In his seventh claim, Barbosa argues that his due process right to present a defense was violated when police damaged the back end of his vehicle before he could photograph it. However, Barbosa failed to raise this issue in either his direct appeal or post-conviction appeal. In addition, the last state court to address the claim – the trial court – dismissed it on the independent and adequate state ground that Barbosa failed to attach any supporting documentation so that the claim lacked the statutorily-required specificity. Thus, Barbosa's seventh claim is denied.

*Certificate of Appealability*

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Barbosa a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A *habea*s petitioner does not have the absolute right to appeal a district court's denial of his *habeas* petition; instead, he must first request a certificate of appealability. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *MillerEl v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, Barbosa must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (*Slack*).

In cases where a district court denies a *habeas* claim on procedural grounds, the *habeas* court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 485.

Reasonable jurists would not debate that Claims 3 through 7 are not cognizable on *habeas* review. Moreover, jurists of reason would not debate that Barbosa's ineffective-assistance-of-counsel claims were correctly resolved. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**CONCLUSION**

For the reasons set forth above, Barbosa's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254 [1] is denied. A certificate of appealability is not issued.

DATE: November 14, 2011

JOHN W. DARRAH
United States District Court Judge